## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY SAIA AND JILL SAIA,** | * | **CIVIL ACTION NO.:** |
| **HUSBAND AND WIFE** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND** | * | |
| **CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Jerry Saia and Jill Saia, husband and wife ("Plaintiffs"), who files this complaint against defendant, State Farm Fire and Casualty Company ("Defendant"), on the grounds set forth below:

### I.   PARTIES.

1.

Made Plaintiffs herein are **JERRY SAIA and JILL SAIA**, husband and wife, persons of the full age of majority and domiciled in the Parish of West Baton Rouge, State of Louisiana.

2.

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, a foreign insurer authorized to do and doing business in the State of Louisiana and the Parish of East Baton Rouge, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE.

3.

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Specifically, Plaintiffs herein are citizens of the State of Louisiana, whereas Defendant herein is a foreign corporation incorporated under the laws of the State of Illinois, with their principal place of business in Bloomington, Illinois, which makes them citizens of that state. Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332.

4.

This Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Louisiana and because Defendant issued a policy of insurance covering property that is located in this State and Parish.

5.

Venue of this action is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims which are the subject of this lawsuit occurred within this federal district court, and because Plaintiffs' property is the subject of this litigation and is situated entirely within this federal judicial district.

## III. RELEVANT FACTS.

6.

At all times relevant hereto, Plaintiffs owned the home/property located at 3088 Emily Drive, in Port Allen, Louisiana (the "property").

7.

At all times relevant hereto, Defendant provided an insurance policy to Plaintiffs that covered the property against perils, including wind and hail damage.

8.

On or around June 20, 2023, a hail and windstorm caused significant damages to the Plaintiffs' property.

9.

Plaintiffs promptly reported the loss to Defendant.

10.

On or about July 12, 2023, Defendant inspected the property and negligently documented only $2,261.09 in damages to the dwelling.

11.

On or about August 29, 2023, after depreciating the loss and applying Plaintiffs' deductible, Defendant issued a payment, which was untimely, to Plaintiffs for only $347.14 under the dwelling portion of the policy.

12.

Defendant's inspection of the property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. 22:1892 and 22:1973.

13.

The Plaintiff retained Daniel Johnson of Destination Claims, who independently inspected the property on or about November 1, 2023, and documented $47,732.92 in damages to the dwelling and $2,677.19 in damages to other structures, with the amount of the damages increasing due to rapid inflation.

14.

The Destination Claims estimate was provided to Defendant on or about November 30, 2023, and constituted satisfactory proof of loss.

15.

To date, Defendant has not tendered any additional proceeds to Plaintiffs.

16.

Upon information and belief, Defendant purposely and/or negligently failed to timely tender proceeds due to Plaintiffs after having received satisfactory proof of loss.

17.

Upon information and belief, Defendant purposely and/or negligently misrepresented to the Plaintiffs the terms and conditions of the policy.

18.

Upon information and belief, Defendant conducted the investigation and claims handling for the Plaintiffs' claim in bad faith.

### IV.    CAUSES OF ACTION.

#### A.  Breach of the Insurance Contract.

19.

Plaintiffs reallege and re-avers the allegations set forth above, as if restated herein.

20.

An insurance contract, the policy, exists between Plaintiffs and Defendant.

21.

The policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to his property by and from hail and wind.

22.

Plaintiffs fully performed under the contract by paying all premiums when due, satisfying all policy requirements, and cooperating with Defendant regarding the insurance claim at issue in this lawsuit. Plaintiffs complied with all conditions precedent to recovery by paying all premiums, timely notifying Defendant of loss, and by providing timely and satisfactory proof of loss.

23.

This is an action for damages as a result of Defendant's breach of the policy, an insurance contract.

24.

Defendant materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages directly caused to the property by or from the subject hail and wind incident. Defendant also breached the contract by failing to perform other obligations it owed under the policy.

25.

By virtue of its various breaches of contract, including its failure to pay Plaintiffs for Plaintiffs' covered losses, Defendant is liable to and owes Plaintiffs for the actual damages Plaintiffs sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the policy, together with interest and all other damages Plaintiffs may prove as allowed by law.

### B. Bad Faith.

26.

Plaintiffs reallege and re-avers the allegations set forth above, as if restated herein.

27.

The actions and/or inactions of Defendant in failing to adequately compensate Plaintiffs for the covered losses under the policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with La. R.S. 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties and other damages.

28.

La. R.S. 22:1892 imposes bad faith penalties, in addition to the amount of the loss, on insurers like Defendant who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days, plus reasonable attorney fees and costs.

29.

La. R.S. 22:1973 imposes bad faith penalties, in addition to the amount of the loss, and general or special damages, on insurers like Defendant who fail to adequately pay claims following satisfactory proof of loss within sixty (60) days.

30.

Defendant violated La. R.S. 22:1892 and 22:1973 for failing to provide the Plaintiffs payment for their damages, despite having received satisfactory proof of loss following its inspection of the property and following its receipt for independent proofs of loss from Destination Claims.

31.

Defendant's misrepresentation of the policy terms, their failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim, and handling of the Plaintiffs' claim were in bad faith.

## V.    DAMAGES.

32.

Plaintiffs reallege and re-avers the allegations set forth above, as if restated herein.

33.

As a result of Defendant's bad faith claims handling and breaches of contract, Plaintiffs have incurred the following non-exclusive damages:

a. Diminution of the value of the property;

b. Actual repair costs, and emergency repair costs;

c. Mental anguish;

d. General and Special Damages;

e. Penalties outlined in La. R.S. 22:1892 and 22:1973; and

f. Attorney's fees and other costs and damages.

**WHEREFORE**, Plaintiffs **JERRY SAIA and JILL SAIA,** husband and wife**,** pray that after all due proceedings are had, judgment be rendered against Defendant and in their favor awarding all damages, including compensatory damages – special and general damages, and for all statutory penalties and attorney's fees that are reasonable in the premises, together with judicial interest, all costs of this proceeding and all relief allowed by law.

Respectfully Submitted,

By Attorneys:

**JOUBERT LAW FIRM, A.P.L.C.**


/s/ Darren W. Wilson
**DARREN W. WILSON, LSBA NO. 40660**
JOHN T. JOUBERT, LSBA NO. 25121
2171 Quail Run Drive
Baton Rouge, LA  70808
Telephone: 225-761-3822
Facsimile: 225-761-3823
Email Address:  darren@joubertlawfirm.com